UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATE OF AMERICA | CRIMINAL |
| VERSUS | NO. 15-100 |
| STEVEN P. REED | SECTION "L" |

## ORDER AND REASONS

Before the Court is Defendant Steven Reed's *pro se* Motion to Terminate Probation. R. Doc. 533. The Government opposes the motion. R. Doc. 553. Having considered the parties' briefs and the applicable law, the Court now issues this Order and Reasons.

### I. BACKGROUND

On October 22, 2015, Steven Reed was charged by a Superseding Indictment for conspiracy to commit wire fraud and to launder money, wire fraud, and money laundering. R. Doc. 64. After an 11-day trial, Reed was found guilty on Counts 1, 7, and 9 of the superseding indictment. R. Docs. 240, 247. The Court set Reed's sentencing for September 15, 2016, R. Doc. 240, which was continued several times until it was finally held on April 5, 2017, R. Doc. 443.

In preparation for sentencing, the U.S. Probation Office provided the Court with a Pre-Sentence Investigation Report ("PSR") and Sentencing Recommendation, which calculated Reed's applicable Sentencing Guideline range to be 21 to 27 months in prison. *See* R. Docs. 409, 410. Reed's PSR also recorded Reed's numerous objections to his PSR. R. Doc. 409. At the April 5, 2017 sentencing, the Court considered each of Reed's objections to the PSR and modified Reed's total offense level from 16 to 15, indicating an applicable guideline range of 18 to 24 months in prison. R. Doc. 475 at 19. Nevertheless, the Court found that a substantial downward variance was appropriate pursuant to 18 U.S.C. § 3553 and sentenced Reed to five years'

probation. R. Doc. 475 at 28–29. Moreover, the Court granted Reed's request to remain on bond pending his extensive appeal process. R. Doc. 399. Reed's appeal was ultimately unsuccessful, and the Court ordered Reed to begin serving his term of probation on April 1, 2019. *See* R. Doc. 513.

## II. PENDING MOTION

On April 8, 2020, Reed filed the instant motion to terminate probation. R. Doc. 533. Reed states that although he began his term of probation on April 4, 2019 and has served approximately one year of his term, "unofficially [he] has been under supervision since the time of the verdict, and therefore, unofficially, [he] has now served almost four years." R. Doc. 533 at 1. Reed seeks to have his probation terminated because he "cannot work in his chosen field," as the "Board of Examiners for Licensed Professional Counselors has refused to consider licensing [him] until probation has been completed." R. Doc. 533 at 2. Reed also seeks to have an attorney appointed to represent him based on his indigent status. R. Doc. 533 at 2.

The Government opposes the motion, arguing that Reed cannot identify any "changed circumstances" to justify his request, R. Doc. 553 at 3, and that terminating Reed's probation does not comply with the § 3553 factors, R. Doc. 553 at 5. Specifically, the Government contends that the "interests of justice do not require that a defendant be able to pursue his chosen career path on his preferred timeline," which appears to be the only justification that Reed provides for why his probation should be terminated. R. Doc. 553 at 3. Moreover, the Government asserts that Reed does not "explain how terminating his probation four years early complies with the 3553(a) factors." R. Doc. 553 at 5. The Government also opposes Reed's request for appointment of counsel to represent him because Reed does not provide any factual or legal support for his request

2

and Reed does not have a right to appointed counsel. R. Doc. 553 at 5.

In a correspondence to the Court, Reed reiterates his request for early termination of his probation, stating that he acted in good faith but "recognize[s] that [he] made choices that were faulty, and [he has] learned from those mistakes." R. Doc. 563-1 at 2. Reed goes on to assert that he "strongly believe[s] that [he] could be of much greater benefit to society serving those in need as a mental health counselor," and thus seeks that the Court grant his request for early termination of probation. R. Doc. 563-1 at 2.

### III. LAW AND ANALYSIS

#### A. Appointment of Counsel

As a preliminary matter, there is no general constitutional right to appointed counsel in post-conviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Similarly, there is no statutory right to appointment of counsel when bringing a motion for a sentence reduction, although the Court may appoint counsel if it is "in the interest of justice." *See Rodriguez*, 2015 WL 13664966, at *2 (citing *United States v. Robinson*, 542 F.3d 1045, 1051–52 (5th Cir. 2008)) ("Although a defendant in a § 3582(c) motion does not have a statutory or constitutional right to appointment of counsel, the Court may appoint counsel in the interest of justice.").

In this case, Reed does not have a constitutional or statutory right to appointed counsel, and he does not explain how it would be "in the interest of justice" for the Court to appoint him counsel. Because the Court understands the basis for his motion and will rule on the merits of the motion at this time, the Court concludes it is not necessary to grant Reed's request for appointment of counsel.

### B. Termination of Probation

Pursuant to 18 U.S.C. § 3564(c),

> The court, after considering the factors set forth in section 3553(a) to the extent that they are applicable, may . . . terminate a term of probation previously ordered and discharge the defendant . . . at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.

18 U.S.C. § 3564(c). "Courts have generally held that something more than compliance with the terms of probation is required to justify early termination; early termination is usually granted only in cases involving changed circumstances, such as exceptionally good behavior."[1] *United States v. Smith*, No. 3:10-CR-53-DPJ-FKB, 2014 WL 68796, at *1 (S.D. Miss. Jan. 8, 2014) (denying early termination of probation because defendant failed to present exceptional or changed circumstances and instead "demonstrates only that he has complied with the terms of his probation and maintained employment"); *see also United States v. Hayes*, No. 01-311, 2013 WL 5328874, at *1 (E.D. La. Sept. 20, 2013) (denying early termination of supervised release for defendant who seemingly "turned his life around"); *United States v. Jones*, No. CRIM.A. V-11-21, 2013 WL 2417927, at *1 (S.D. Tex. June 4, 2013) ("Caselaw is also consistent in that early termination is discretionary and is warranted only in cases where the defendant shows changed circumstances, such as exceptionally good behavior."). Proof of compliance with the terms of supervised release does not equate to "exceptionally good" behavior and does not, by itself, justify early termination. See *United States v. Hartman*, No. 3:00-CR-228-B (01), 2013 WL 524257, at *2–3 (N.D. Tex.

---

1 Because the statutes governing early termination of probation and supervised release, Sections 3564(c) and 3583(e)(1), respectively, use the same language, courts have frequently relied on precedent governing requests interchangeably. *See Smith*, 2014 WL 68796, at *1 (citing cases related to early termination of supervised release in a matter concerning a request for early termination of probation and noting that § 3564(c) and § 3583(e)(1) use the same language).

Jan. 18, 2013), *report and recommendation adopted,* No. 3:00-CR-228-B (01), 2013 WL 540490 (N.D. Tex. Feb. 13, 2013). Similarly, proof of compliance with the terms of probation does not necessarily equate to "exceptionally good behavior" justifying early termination either.

Before determining whether a defendant qualifies for early termination of probation, a court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3564(c). These factors include: the nature and circumstances of the offense and the history and characteristics of the defendant; the need to deter criminal conduct; the need to protect the public from further crimes of the defendant; the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment; the kinds of sentences and sentencing range established; pertinent policy statements by the Sentencing Commission; the need to avoid unwarranted disparities among similar defendants; and the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

In this case, Reed fails to identify any "changed circumstances" to justify his request for early termination of probation. Reed makes no reference to his conduct while on probation over the past year—let alone demonstrate "exceptionally good behavior"—other than to explain that he has been studying to become a professional counselor. *See* R. Doc. 563-1 at 2. While the Court is sympathetic to Reed's claim that he "cannot work in his chosen field" while he is on probation, *see* R. Doc. 553 at 2, this is not enough to demonstrate "changed circumstances" warranting termination of his probation after only one year. Other courts have similarly concluded that employment limitations are not necessarily sufficient to warrant early termination. *See, e.g., United States v. Guidry*, No. 3:19-CR-332-S, 2020 WL 908542, at *2 (N.D. Tex. Feb. 13, 2020), *report and recommendation adopted,* No. 3:19-CR-0332-S, 2020 WL 906303, at 1–2 (N.D. Tex. Feb. 25,

5

2020) (rejecting a request for early termination of supervised release for a defendant who wished to "pursue employment opportunities that could require location, or traveling, to areas outside the Northern District of Texas"); *United States v. Arledge*, No. 5:06-CR-18-DCB-JCS, 2015 WL 3504845, at *2 (S.D. Miss. June 3, 2015) ("[A]lthough the supervised release may inhibit Arledge's ability to find more lucrative employment, this does not warrant early termination."); *United States v. Caruso*, 241 F. Supp. 2d 466, 469 (D.N.J. 2003) ("While Caruso has generally complied with the conditions of his probation, there is nothing contained in the record before me of an unusual or extraordinary nature that would warrant the early termination of his probationary sentence. Moreover, this motion appears to have been prompted solely by the fact that Caruso will not be able to reapply for admission to the New York bar until he successfully completes his term of probation on April 19, 2004. This is hardly a changed circumstance which warrants the early termination of his probation."). Furthermore, the Court already considered the impact of Reed's sentence on his career when fashioning his sentence and found that a downward variance was appropriate. *See* R. Doc. 475 at 28–29. Accordingly, instead of sentencing Reed to a guideline range of 18 to 24 months in prison, R. Doc. 475 at 19, the Court sentenced Reed to five years' probation, R. Doc. 475 at 28–29, which he is now seeking to reduce to one year.

Moreover, Reed does not explain how terminating his probation four years early adequately considers the § 3553(a) factors. Reed was convicted of conspiracy, fraud, and money laundering, which are felonies that carry considerable prison sentences. Nevertheless, the Court allowed Reed to receive a downward variance from the guideline sentence range and also allowed him to engage in extensive appeals before ordering him to begin serving his probation term in 2019. It is not clear to the Court how allowing Reed to serve one year of a five-year probation term adequately accounts

6

for the nature and circumstances of his offense, the need to deter criminal conduct, and the need to avoid unwarranted disparities among defendants convicted of similar crimes. *See* 18 U.S.C. § 3553(a).

The Court notes that Reed's continued compliance with the conditions of his probation is commendable, as is his intent to become a mental health counselor. Nevertheless, compliance with applicable terms and conditions of probation is expected of all defendants and does not warrant early termination. Reed has not presented any facts to demonstrate that he has taken any action beyond what is required of him. Considering the serious offenses for which Reed was convicted, as well as the fact that the Court already granted a significant downward variance when sentencing him, the Court concludes that termination after one year of probation is not in the interest of justice, and Reed's motion is premature.

### IV.   CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Defendant Steve Reed's Motion to Terminate Probation, R. Doc. 533, is **DENIED.**

New Orleans, Louisiana, this 5th day of June, 2020.

UNITED STATES DISTRICT JUDGE

CC:   Steven P. Reed
      810 Rosedown Dr.
      Pearl River, LA 70452